## In Re Anonymous No. 46 D.B. 84

Disciplinary Board Docket No. 46 D.B. 84.

KECK, *Member,* April 10, 1986—Pursuant to Rule 208(d)(2)(iii) Pa.R.D.E., the Disciplinary Board of the Supreme Court of Pennsylvania submits this report on the above-captioned matter.

## I. HISTORY OF PROCEEDINGS

Respondent, [   ], now 43 years of age, was admitted to the practice of law in Pennsylvania, November 16, 1971.

On January 9, 1984, respondent entered a plea of guilty to the offense of resisting arrest in violation of N.J.S. 2C:29-2 in the matter of The State of New Jersey v. [Respondent] _____, Superior Court of New Jersey, [   ] County, no. [   ].

On February 24, 1984, Judge [A] of the [   ] Court of New Jersey sentenced respondent to a period of probation of three years and imposed a penalty of $25 payable to the Violent Crimes Compensation Board. He ordered further: "If this defendant shall not otherwise violate the terms and conditions of this probation, it may be terminated at the expiration of one year."

By order dated May 21, 1984, the Supreme Court of Pennsylvania referred respondent's conviction to the Disciplinary Board pursuant to Rule 214(f) Pa.R.D.E.

A petition for discipline was filed July 10, 1984.

The matter was assigned to hearing committee [   ] composed of [   ]. A hearing was held January 11, 1985. Petitioner was represented by [   ], Assistant Disciplinary Counsel. Respondent was not represented by counsel.

Petitioner's case consisted of two exhibits: P-1, a certified copy of the record from the [   ] County Prosecutor's Office containing complaints, warrants, and police department reports; P-2, containing certified copies of respondent's indictment on

five counts, the judgment of conviction on one count, and a statement by defendant.

Petitioner's exhibits were admitted into evidence without objection by respondent.

Respondent testified on his own behalf, responding to questions by hearing committee members and by Disciplinary Counsel. Respondent's testimony included a resumé of his employment history, his uncorroborated account, which differed markedly from police reports, of events that resulted in his arrest and conviction, and disclosure of the fact that on December 18, 1982 he had been committed involuntarily for 20 days to [    ] Institute of Psychiatry as a result of a domestic difficulty. Respondent agreed to release his records at [    ] Institute of Psychiatry to the hearing committee for consideration in connection with the dispositional phase of the matter. Those records appear as exhibit P-3.

The hearing committee report was filed January 6, 1986 finding violation of D.R. 1-102(A)(6) which prohibits conduct that adversely reflects on a lawyer's fitness to practice law, and noting that Rule 203(b)(1) Pa.R.D.E. provides an independent basis for discipline, and recommending that respondent be transferred to inactive status pursuant to Rule 301(c) Pa.R.D.E. and that he be placed on probation under supervision provided by the Disciplinary Board for an indefinite period with leave to petition the Disciplinary Board and request termination of probation upon certification of his recovery by a court approved psychiatrist.

Disciplinary counsel filed a letter-brief on exceptions to the hearing committee report, January 27, 1986. Disciplinary counsel noted that respondent's probation was terminated in August 1985, also that respondent's conviction was based on a guilty plea that was the result of a plea bargain for which four

other charges were dismissed. Further, disciplinary counsel noted that the record contains no evidence of incompetence or disability required by Rule 301 Pa.R.D.E. Disciplinary Counsel recommended a short period of suspension as the appropriate discipline.

Respondent filed a well organized and well written brief on exceptions January 28, 1986 arguing that the hearing committee's conclusions are not in accord with the original charge by the Supreme Court or with the petition for discipline, and that the hearing committee grossly abused its authority by including in its recommendation matters that were not appropriately before the board, and by making findings based on an area of expertise for which they are not qualified.

At respondent's request, oral argument was heard February 24, 1986 before a panel composed of Messrs. Keck, Padova and Curran, members of the Disciplinary Board. Respondent argued that his conviction of the single charge of resisting arrest should be the only matter under consideration, that other charges which were dismissed should be irrelevant, as should be the records of his commitment to [   ] Institute of Psychiatry.

The matter was adjudicated by the Disciplinary Board, March 17, 1986.

## II. DISCUSSION

If these disciplinary proceedings had been concluded before the termination of respondent's probation, then, according to precedents, the Disciplinary Board probably would recommend that respondent be suspended for the duration of his probation. That recommendation is not now available.

The events that led to respondent's arrest and ultimate conviction occurred August 1, 1982, more

than three and a half years ago; his conviction occurred February 24, 1984, more than two years ago.

Respondent's voluntarily submitted records at [   ] Institute of Psychiatry are over three years old. They give evidence of aberrant behavior in December 1982 and indicate a need, at that time, of psychiatric treatment.

No evidence was presented concerning respondent's activities or behavior since the end of 1982.

Neither respondent's criminal conviction, nor his need for psychiatric treatment are connected with the practice of law. Nevertheless his criminal conviction does bring disrepute upon the legal profession and, therefore, is deserving of some form of public discipline.

Respondent according to his own testimony has not engaged in the practice of law since June 1982. Any lawyer who had been on inactive status since that time would be reinstated only after filing a petition for reinstatement and satisfying the Disciplinary Board of his fitness to be readmitted to the practice of law in this Commonwealth.

This board believes that respondent, having been judged guilty of a crime and having been sentenced to a substantial period of probation, is deserving of public discipline. Further this board believes that respondent, having been disengaged from the practice of law for a period of nearly four years, should satisfy this board and your honorable court of his fitness in all regards to be reinstated to the practice of law in Pennsylvania. Therefore, this board makes the following recommendation.

### III. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends to your honorable court that respondent, [   ] be suspended from the prac-

tice of law for a period of three months and one day, and that he be ordered to pay appropriate costs incurred by the board in the prosecution of this case.

Ms. Heh, Messrs. Brown, Curran, McGinley and Mundy did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this May 28, 1986, upon consideration of the report and recommendation of the Disciplinary Board dated April 10, 1986, it is ordered that [respondent] be and he is suspended from the Bar of the Commonwealth for a period of three months and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.